**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiffs
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

**Mark Geragos, Pro Hac Pending**
**Ben Meiselas, Pro Hac Pending**
**Lori Feldman, Pro Hac Pending**
Of Attorneys for Plaintiffs
Geragos & Geragos
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
geragos@geragos.com
Phone 213-625-3900

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| **MARY MCHILL**, **BROOK REINHARD**, **ANDREW GAUGER**, **MELISSA ABBOTT**, and **DEANNA PAIK**, Oregon consumers, individually and on behalf of all others, | Case No. 3:17-cv-01405-AC |
| | **CLASS ACTION ALLEGATION AMENDED COMPLAINT** |
| Plaintiffs, | Negligence |
| | 28 U.S.C. § 1332 |
| v. | Demand for Jury Trial |
| **EQUIFAX INC.**, | |
| Defendant. | |

**AMENDED COMPLAINT** – Page 1 of 14

1.

**THE PARTIES**

Equifax Inc. (Equifax) is a multi-billion dollar Georgia corporation that provides credit information services to millions of businesses, governmental units, and consumers across the globe. Equifax operates through various subsidiaries including Equifax Information Services, LLC, and Equifax Consumer Services, LLC aka Equifax Personal Solutions aka PSOL. Each of these entities acted as agents of Equifax or in the alternative, acted in concert with Equifax as alleged in this complaint.

2.

Mary McHill is an individual consumer residing in the Portland, Oregon area. Ms. McHill enrolled in credit monitoring services from Equifax in 2016 and later had her credit and personal information compromised by Equifax.

3.

Brook Reinhard is an individual consumer residing in the Eugene, Oregon area. Mr. Reinhard never enrolled in credit monitoring services from Equifax but had to enroll in credit monitoring services from a third party after his credit and personal information was compromised by Equifax.

**AMENDED COMPLAINT** – Page 2 of 14

4.

Andrew Gauger is an individual consumer residing in the Salem, Oregon area. On or around July 8, 2017, Mr. Gauger suffered identity theft and credit harm and now has a false address reported on his credit, requiring him to pay for credit repair services, solely because his credit and personal information was compromised by Equifax. Mr. Gauger could have prevented this credit harm had Equifax notified him that his information was compromised in "the most expeditious manner possible" as required by Oregon law.

5.

Melissa Abbott is an individual consumer residing in the Medford, Oregon area. In or around September 2017, Ms. Abbott suffered identify theft and credit harm and now has had her credit card used without her permission to buy clothes and a limousine in San Francisco, California, causing her economic losses and requiring she pay for credit repair services, solely because her credit and personal information was compromised by Equifax. Ms. Abbott could have prevented this credit harm had Equifax notified her that her information was compromised in "the most expeditious manner possible" as required by Oregon law.

**AMENDED COMPLAINT** – Page 3 of 14

6.

Deanna Paik is an individual consumer residing in the Bend, Oregon area. In or around June 2017, Ms. Paik suffered identity theft and credit harm and was unable to get pre-approved for a mortgage, requiring her to pay for credit freezes, solely because her credit and personal information was compromised by Equifax. Ms. Paik could have prevented this credit harm had Equifax notified her that her information was compromised in "the most expeditious manner possible" as required by Oregon law.

7.

## JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy for the Oregon class estimated at 2,860,000 consumers exceeds $1.36 billion exclusive of penalties. Venue is proper under 28 U.S.C. § 1391 because the bulk of Oregon consumers with credit and personal information stored by Equifax live in the Portland area.

8.

## FACTUAL ALLEGATIONS

Plaintiffs file this complaint as a class action on behalf of an estimated 2,860,000 Oregon consumers harmed by Equifax's failure to adequately protect their credit and personal information. This

**AMENDED COMPLAINT** – Page 4 of 14

complaint requests Equifax provide fair compensation in an amount that will ensure every Oregon consumer harmed by its data breach will not be out-of-pocket for the costs of independent third-party credit repair and monitoring services. This complaint's allegations are based on personal knowledge as to plaintiffs' conduct and made on information and belief as to the acts of others.

9.

Throughout the past year, Equifax collected and stored personal and credit information from plaintiffs, including their social security numbers, birth dates, home addresses, driver's license information, and credit card numbers.

10.

Equifax owed a legal duty to plaintiffs to use reasonable care to protect their credit and personal information from unauthorized access by third parties. Equifax knew that its failure to protect plaintiffs' credit and personal information from unauthorized access would cause serious risks of credit harm and identify theft for years to come.

11.

On September 7, 2017, Equifax announced for the first time that from May to July 2017, its database storing plaintiffs' credit and personal information had been hacked by unauthorized third parties, subjecting plaintiffs to credit harm and identify theft and other

**AMENDED COMPLAINT** – Page 5 of 14

economic losses. Equifax says it learned of its data breach on July 29, 2017 at the latest. Equifax's unjustified failure to timely notify Oregon consumers of its data breach in "the most expeditious manner possible" as alleged above violated Oregon law.

12.

In an attempt to increase profits, Equifax negligently failed to maintain adequate technological safeguards to protect plaintiffs' information from unauthorized access by hackers. Equifax knew and should have known that failure to maintain adequate technological safeguards would eventually result in a massive data breach. Equifax could have and should have substantially increased the amount of money it spent to protect against cyber-attacks but chose not to. Oregon consumers should not have to bear the expense caused by Equifax's negligent failure to safeguard their credit and personal information from cyber-attackers.

13.

As a direct result of Equifax's negligence as alleged in this complaint, plaintiffs suffered the actual loss of their credit and personal information to hackers seeking to use their information for fraudulent illegal purposes, consumers like Mr. Reinhard suffered injury of loss of $19.95 to pay for third-party credit monitoring services they otherwise would not have had to pay for, consumers like Mr. Gauger experienced

**AMENDED COMPLAINT** – Page 6 of 14

false information appearing on their credit reports, requiring them to pay for credit repair services, consumers like Ms. Abbott had their credit cards used without their permission, causing economic losses, and consumers like Ms. Paik were unable to obtain credit, causing economic losses. The economic losses Equifax caused consumers like Ms. Abbott and Ms. Paik could have been prevented had Equifax notified them that their information was compromised in "the most expeditious manner possible" as required by Oregon law.

14.

## CLASS ALLEGATIONS

Plaintiffs file this complaint as an Oregon class action lawsuit. The Oregon class consists of four subclasses:

1. Oregon consumers like plaintiffs who had personal or credit data collected and stored by Equifax in the past year, and who were subject to risk of data loss and credit harm and identity theft as a result of Equifax's negligent data breach from May to July 2017.

2. Oregon consumers like Mr. Reinhard and Ms. Paik who had personal or credit data collected and stored by Equifax in the past year, and who had to pay for third-party credit monitoring services or credit freezes they otherwise would not have had to

pay for as a result of Equifax's negligent data breach from May to July 2017.

3. Oregon consumers like Mr. Gauger and Ms. Paik and Ms. Abbott who had personal or credit data collected and stored by Equifax in the past year, and who suffered credit harm or identity theft or lost opportunities to obtain credit as a result of Equifax's negligent data breach from May to July 2017, that could have been prevented had Equifax notified them that their information was compromised in "the most expeditious manner possible" as required by Oregon law.

4. Oregon consumers like Ms. Abbott who had personal or credit data collected and stored by Equifax in the past year, and who suffered economic losses due to use of their credit cards without their permission as a result of Equifax's negligent data breach from May to July 2017, that could have been prevented had Equifax notified them that their information was compromised in "the most expeditious manner possible" as required by Oregon law.

15.

Excluded from the class are all attorneys for the class, officers and members of Equifax, including officers and members of any entity

with an ownership interest in Equifax, any judge who sits on the case, and all jurors and alternate jurors who sit on the case.

16.

The exact number of aggrieved consumers in Oregon can be determined based on Equifax's consumer database, estimated at 2,860,000 consumers – about half the population of Oregon.

17.

Every aggrieved Oregon consumer suffered injuries as alleged in this complaint directly and proximately caused by Equifax's negligent failure to adequately protect its database from unauthorized access by third-party hackers.

18.

The class is so numerous that joinder is impracticable. Upon information and belief, the Oregon class alone includes millions of consumers based on Equifax's estimate that its data breach affected 143 million consumers nationwide.

19.

Common questions of fact and law predominate over any questions affecting only individual class members. Common questions include whether  plaintiffs and the Oregon class members are entitled to equitable relief, whether Equifax acted negligently, and whether

plaintiffs and the Oregon class members are entitled to recover money damages.

20.

Plaintiffs' claims are typical of the claims of the Oregon class because each suffered risk of loss or credit harm or identity theft or economic losses caused by Equifax's negligent failure to safeguard their data, the injuries suffered by plaintiffs and the Oregon class members are identical (i.e. the costs to monitor and repair their credit through a third-party service for at least 24 months, the amounts of economic losses caused by identity theft and credit harm and unauthorized use of credit cards), and plaintiffs' claims for relief are based upon the same legal theories as are the claims of the other class members. Plaintiffs will fairly and adequately protect and represent the interests of the class because their claims are typical of the claims of the Oregon class, they are represented by nationally known and locally respected attorneys who have experience handling class action litigation and consumer protection cases who are qualified and competent, and who will vigorously prosecute this litigation, and their interests are not antagonistic or in conflict with the interests of the Oregon class.

21.

A class action is superior to other methods for fair and efficient adjudication of this case because common questions of law and fact

**AMENDED COMPLAINT** – Page 10 of 14

predominate over other factors affecting only individual members, as far as plaintiffs know, no class action that purports to include Oregon consumers suffering the same injury has been commenced in Oregon, individual class members have little interest in controlling the litigation, due to the high cost of actions, the relatively small amounts of damages, and because plaintiffs and their attorneys will vigorously pursue the claims. The forum is desirable because the bulk of consumers in Oregon who suffered injury caused by Equifax's negligence reside in the Portland metropolitan area. A class action will be an efficient method of adjudicating the claims of the class members who have suffered relatively small damages, as a result of the same conduct by Equifax. In the aggregate, class members have claims for relief that are significant in scope relative to the expense of litigation. The availability of defendant's consumer data will facilitate proof of class claims, processing class claims, and distributions of any recoveries.

22.

**OREGON CLASS CLAIM FOR RELIEF**

**NEGLIGENCE**

As alleged in this complaint, Equifax undertook care of credit and personal information belonging to plaintiffs and the Oregon putative class, then breached its legal duty by failing to maintain adequate technological safeguards, falling below the standard of care in the technological industry, directly and proximately causing foreseeable risk of data loss and credit harm and identity theft and other economic losses, in amounts to be decided by the jury. Equifax's failure to comply with Oregon law requiring it to notify consumers of its data breach in "the most expeditious manner possible" constituted negligence per se.

23.

Plaintiffs and the Oregon class are entitled to equitable relief in the form of an accounting of exactly how their credit and personal information was accessed without authorization by third parties, restitution, and unless agreed upon by Equifax, an order to preserve all documents and information (and electronically stored information) pertaining to this case.

24.

Demand for jury trial.

**AMENDED COMPLAINT** – Page 12 of 14

## PRAYER FOR RELIEF

Plaintiffs seek relief for themselves and the proposed Oregon class as follows:

**A.** Unless agreed upon by Equifax, an order to preserve all documents and information (and electronically stored information) pertaining to this case,

**B.** An order certifying this matter as a class action,

**C.** Judgment against Equifax for fair compensation in an amount to be decided by the jury, and costs,

**D.** And other relief the Court deems necessary.

September 15, 2017

**RESPECTFULLY FILED,**

s/ Michael Fuller
**Michael Fuller, OSB No. 09357**
Lead Attorney for Plaintiffs
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
michael@underdoglawyer.com
Direct 503-201-4570

(additional counsel information on next page)

**AMENDED COMPLAINT** – Page 13 of 14

**Rex Daines, OSB No. 952442**
Of Attorneys for Plaintiffs
Olsen Daines PC
US Bancorp Tower
111 SW 5th Ave., Suite 3150
Portland, Oregon 97204
rdaines@olsendaines.com
Phone 503-362-9393

**Justin Baxter, OSB No. 992178**
Of Attorneys for Plaintiffs
Baxter & Baxter LLP
8835 SW Canyon Ln Ste 130
Portland, Oregon 97225
justin@baxterlaw.com
Phone 503 297-9031

**Robert Le, OSB No. 094167**
Of Attorneys for Plaintiffs
rl@robertlelaw.com

**Kelly Jones, OSB No. 074217**
Of Attorneys for Plaintiffs
kellydonovanjones@gmail.com

**AMENDED COMPLAINT** – Page 14 of 14